UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Amanda Hull, *on behalf of herself and others similarly situated*, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| ZR Consulting, LLC, dba Pinehurst Funding, and Zachary Ramirez, | Jury Trial Demanded |
| Defendants. | |

**Nature of this Action**

1. Amanda Hull ("Plaintiff") brings this class action lawsuit against ZR Consulting, LLC dba Pinehurst Funding ("ZR Consulting"), and Zachary Ramirez (together "Defendants"), under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. As well, upon information and good faith belief, Defendants routinely violate 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing voice message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express written invitation or permission.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28

Class Action Complaint   1

U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. In particular, the subject voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject voice messages in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Tenino, Washington.

8. ZR Consulting is an entity located in Anaheim, California.

9. ZR Consulting does business as Pinehurst Funding.

10. Mr. Ramirez is the chief executive officer, the principal, and the customer contact for ZR Consulting.

## Factual Allegations

11. Plaintiff is, and at all times relevant to this action was, the regular and sole user of her cellular telephone number—(360) XXX-0449.

12. Plaintiff uses, and at all times relevant to this action used, her cellular telephone number as her personal residential telephone number.

13. Plaintiff does not use, and at no time relevant to this action used, her cellular telephone number for business or commercial purposes.

14. At all times relevant to this action—and over thirty days prior to delivery of the prerecorded voice messages at issue—Plaintiff's cellular telephone number was registered with the DNC Registry.

15. In December 2021, ZR Consulting delivered the following prerecorded voice message to Plaintiff's cellular telephone:

1  Hey, this is Shawn calling you back. Uh, based on your business's Dun &
2  Bradstreet score of 76, we did still have you preapproved for up to a $500,000 line
   of credit starting at just 4.8%. Now the funds can be available in just 24 hours if
3  you're interested. But the offer does expire soon, so please give me a call back at
   (949) 313-4441. Again, that number is (949) 313-4441. I hope you have a
4  wonderful day. And thank you.

5  Click HERE to listen to recording.

6  16.    Also in December 2021, ZR Consulting delivered the following prerecorded voice

7  message to Plaintiff's cellular telephone:

8  Hey, this is Shawn calling you back. Uh, based on your business's Dun &
   Bradstreet score of 76, we did still have you preapproved for up to a $500,000 line
9  of credit starting at just 4.8%. Now the funds can be available in just 24 hours if
   you're interested. But the offer does expire soon, so please give me a call back at
10 (949) 313-4441. Again, that number is (949) 313-4441. I hope you have a
   wonderful day. And thank you.

11

12 Click HERE to listen to recording.

13     17.    Upon information and good faith belief, Mr. Ramirez materially participated in

14 conduct that directly resulted in ZR Consulting delivering the subject prerecorded voice messages

15 to Plaintiff's cellular telephone.

16     18.    Upon information and good faith belief, Mr. Ramirez was personally involved in

17 conduct that directly resulted in ZR Consulting delivering the subject prerecorded voice messages

18 to Plaintiff's cellular telephone.

19     19.    Upon information and good faith belief, Mr. Ramirez was regularly engaged in

20 conduct that directly resulted in ZR Consulting delivering the subject prerecorded voice messages

21 to Plaintiff's cellular telephone.

22     20.    Upon information and good faith belief, Mr. Ramirez exercised, for the relevant

23 time period, control over the affairs of ZR Consulting.

24 Class Action Complaint                         3

DC Law Group
12055 15th Ave NE, Ste. B
Seattle, WA 98125
Phone: (206) 494-0400

21. Upon information and good faith belief, ZR Consulting delivered the subject prerecorded voice messages to Plaintiff on behalf of Mr. Ramirez.

22. Upon information and good faith belief, ZR Consulting delivered the subject prerecorded voice messages to Plaintiff at the direction of Mr. Ramirez.

23. Upon information and good faith belief, ZR Consulting delivered the subject prerecorded voice messages to Plaintiff with the authorization of Mr. Ramirez.

24. Upon information and good faith belief, ZR Consulting delivered the subject prerecorded voice messages to Plaintiff for the benefit of Mr. Ramirez.

25. Upon information and good faith belief, Mr. Ramirez trained ZR Consulting's employees regarding their delivery of advertising and marketing messages to Plaintiff and other consumers.

26. Plaintiff received and listened to the prerecorded voice messages that ZR Consulting delivered to her cellular telephone.

27. Plaintiff does not, nor did, have any business relationship with either ZR Consulting or Mr. Ramirez.

28. Plaintiff did not provide her cellular telephone number to either ZR Consulting or Mr. Ramirez.

29. Neither ZR Consulting nor Mr. Ramirez obtained Plaintiff's cellular telephone number from Plaintiff.

30. Plaintiff did not give Defendants prior express consent for either ZR Consulting or Mr. Ramirez to place calls, in connection with which an artificial or prerecorded voice was used, to her cellular telephone number.

31. Neither ZR Consulting nor Mr. Ramirez obtained from Plaintiff prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to her cellular telephone number.

32. The purpose of the subject voice messages was to advertise and market ZR Consulting's and/or Mr. Ramirez's business or services.

33. Plaintiff did not give either ZR Consulting or Mr. Ramirez prior express invitation or permission to deliver advertisement or marketing voice messages to her cellular telephone number.

34. Neither ZR Consulting nor Mr. Ramirez obtained from Plaintiff prior express written invitation or permission to deliver advertisement or marketing voice messages to her cellular telephone number.

35. Plaintiff did not request information or promotional materials from either ZR Consulting or Mr. Ramirez.

36. ZR Consulting placed the subject calls to Plaintiff's cellular telephone number for non-emergency purposes.

37. ZR Consulting placed the subject calls to Plaintiff's cellular telephone number voluntarily.

38. ZR Consulting placed the subject calls to Plaintiff's cellular telephone number under its own free will.

39. ZR Consulting had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls to Plaintiff's cellular telephone number.

40. Plaintiff suffered actual harm as a result of the voice messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

41. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff's cellular telephone number was registered with the DNC Registry.

42. Consumers other than Plaintiff have complained about ZR Consulting's practice of delivering advertisement or marketing voice messages without prior express invitation or permission:

> In May 2020, BBB investigated ZR Consulting LLC's business practices. This investigation was prompted by the seriousness of consumer inquiries received by the BBB. Consumers allege the business is making spoofing, robocalls, unsolicited phone calls, and charging upfront fees when assisting business owners with the Small Business Administration (SBA) and Paycheck Protection Program (PPP).

https://www.bbb.org/us/ca/anaheim/profile/financial-services/zr-consulting-llc-1126-1000058128 (last visited Feb. 23, 2022).

## Class Action Allegations

43. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *Prerecorded Voice Class*: All persons throughout the United States (1) to whom ZR Consulting, LLC, dba Pinehurst Funding, placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with ZR Consulting, LLC, dba Pinehurst Funding, (3) in connection with which ZR Consulting, LLC, dba Pinehurst Funding, used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.
>
> *Telemarketing Class*: All persons throughout the United States (1) to whom ZR Consulting, LLC, dba Pinehurst Funding, delivered, or caused to be delivered, more than one voice and/or text message within a 12-month period, promoting ZR Consulting, LLC's, dba Pinehurst Funding, goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before ZR Consulting, LLC, dba Pinehurst Funding, delivered, or caused to be delivered, at least two of the voice and/or text messages within the 12-month period, (3) within four years preceding the date of this complaint and through the date of class certification.

Class Action Complaint        6

DC Law Group
12055 15th Ave NE, Ste. B
Seattle, WA 98125
Phone: (206) 494-0400

44. Excluded from the classes are Defendants, ZR Consulting's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, members of Mr. Ramirez's immediate family, and any entity in which Defendants have or had a controlling interest.

45. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

46. The exact number of members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

47. The classes are ascertainable because they are defined by reference to objective criteria.

48. In addition, the members of the classes are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties.

49. Plaintiff's claims are typical of the claims of the members of the classes.

50. As they did for all members of the Prerecorded Voice Class, Defendants placed calls to Plaintiff's cellular telephone number in connection with which they used an artificial or prerecorded voice.

51. As they did for all members of the Telemarketing Class, Defendants delivered solicitation voice messages to Plaintiff's residential telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

52. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendants.

53. Plaintiff's claims are based on the same theories as are the claims of the members

of the classes.

54. Plaintiff suffered the same injuries as the members of the classes.

55. Plaintiff will fairly and adequately protect the interests of the members of the classes.

56. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

57. Plaintiff will vigorously pursue the claims of the members of the classes.

58. Plaintiff has retained counsel experienced and competent in class action litigation.

59. Plaintiff's counsel will vigorously pursue this matter.

60. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

61. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the class.

62. Issues of law and fact common to all members of the classes are:

   a. Defendants' conduct, pattern, and practice as it pertains to placing calls in connection with which they use an artificial or prerecorded voice;

   b. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing voice messages;

   c. Defendants' practice of delivering voice messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   d. Mr. Ramirez's control over ZR Consulting and ZR Consulting's delivery of artificial or prerecorded voice messages constituting advertising or telemarketing;

   e.  Defendants' violations of the TCPA; and

   f.  The availability of statutory penalties.

63.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

64.  If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

65.  The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

66.  The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

67.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

68.  The damages suffered by the individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

69.  The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

70.  There will be no extraordinary difficulty in the management of this action as a class action.

71. Defendants acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-71.

73. ZR Consulting violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Prerecorded Voice Class, without consent.

74. As a result of ZR Consulting's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Prerecorded Voice Class are entitled to damages in an amount to be proven at trial.

75. Mr. Ramirez is liable for ZR Consulting's violations of the 47 U.S.C. § 227(b)(1)(A)(iii), as (i) he materially participated in conduct that directly resulted in ZR Consulting delivering prerecorded voice messages to Plaintiff's cellular telephone number, (ii) and/or he was personally involved in conduct that directly resulted in ZR Consulting delivering prerecorded voice messages to Plaintiff's cellular telephone, (iii) and/or he was regularly engaged in conduct that directly resulted in ZR Consulting delivering prerecorded voice messages to Plaintiff's cellular telephone, (iv) and/or he exercised, for the relevant time period, control over the affairs of ZR Consulting.

76. Mr. Ramirez is liable for ZR Consulting's violations of the 47 U.S.C. § 227(b)(1)(A)(iii) as ZR Consulting used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the

members of the Prerecorded Voice Class, without consent, and on behalf of Mr. Ramirez, and/or at the direction of Mr. Ramirez, and/or with the authorization of Mr. Ramirez, and/or for the benefit of Mr. Ramirez.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**

77. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-71.

78. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

79. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

80. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. ZR Consulting violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Telemarketing Class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

83. ZR Consulting violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Telemarketing Class, more than one solicitation call and/or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

84. As a result of ZR Consulting's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff and the members of the Telemarketing Class are entitled to damages in an amount to be proven at trial.

85. Mr. Ramirez is liable for ZR Consulting's violations of the 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, as he (i) materially participated in conduct that directly resulted in ZR Consulting delivering telemarketing messages to Plaintiff's residential telephone number, (ii) was personally involved in conduct that directly resulted in ZR Consulting delivering telemarketing messages to Plaintiff's residential telephone number, (iii) was regularly engaged in conduct that directly resulted in ZR Consulting delivering telemarketing messages to Plaintiff's residential telephone number, and (iv) exercised, for the relevant time period, control over the affairs of ZR Consulting.

86. Mr. Ramirez is liable for ZR Consulting's violations of the 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200 because ZR Consulting delivered to Plaintiff and members of the Telemarketing Class more than one solicitation call and/or text message in a 12-month period, on

behalf of Mr. Ramirez, and/or at the direction of Mr. Ramirez, and/or with the authorization of Mr. Ramirez, and/or for the benefit of Mr. Ramirez.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendants from continuing their violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the Prerecorded Voice Class, in connection with which they use an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the Prerecorded Voice Class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the Prerecorded Voice Class treble damages under 47 U.S.C. § 227(b)(3);

h) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

i) Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation voice and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

Class Action Complaint     13

DC Law Group
12055 15th Ave NE, Ste. B
Seattle, WA 98125
Phone: (206) 494-0400

j) Awarding Plaintiff and the members of the Telemarketing Class damages under 47 U.S.C. § 227(c)(5)(B);

k) Awarding Plaintiff and the members of the Telemarketing Class treble damages under 47 U.S.C. § 227(c)(5)(C);

l) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

m) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

n) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 24, 2022

<u>/s/ Matthew J. Cunanan</u>
Matthew J. Cunanan
DC Law Group
12055 15th Ave NE, Ste. B
Seattle, WA 98125
Phone: (206) 494-0400
Fax: (855) 494-0400
matthew@dclawyers.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*